IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:18CR337 |
| v. | |
| TIMOTHY EARL AGEE, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on defendant Timothy Earl Agee's ("Agee") *pro se* "Rule 41G Motion for Return of Property" (Filing No. 68). On September 5, 2019, Agee pleaded guilty to one count of conspiracy to distribute methamphetamine, in violation of 18 U.S.C. § 841(a)(1) and (b)(1) and 21 U.S.C. § 846, and one count of engaging in a monetary transaction in criminally-derived property, in violation of 18 U.S.C. § 1957. Pursuant to his plea agreement (Filing No. 49), Agee agreed "to waive and withdraw any claim to a 2007 Mercedes Benz" as well as "$6,132 in United States Currency seized on November 16, 2018." He also agreed to that property being subject to "administrative forfeiture by" the United States Drug Enforcement Agency ("DEA"). According to the factual basis he agreed to in his plea agreement, that property was admittedly the result of "proceeds from Agee's involvement in the" drug-trafficking conspiracy.

On December 20, 2019, Agee was sentenced to a total of 280 months imprisonment, to be followed by five years of supervised release. Judgment was entered that day (Filing No. 61), in which the Court specified that Agee had agreed to the administrative forfeiture of the car and cash.

Agee now moves "for a return of property cash amount $6,132.00" and "automobile vehicle Mercedes-Benz s550 2007." *See* Fed R. Crim. P. 41(g) (permitting a "person aggrieved by an unlawful search and seizure of property or by the deprivation of property

[to] move for the property's return"). From his curt explanation, Agee seems to assert he is entitled to a return of the property because the government did not properly follow the procedure for forfeiture under 18 U.S.C. § 983 in failing to answer a claim filed by him within ninety days. *But see* 18 U.S.C. § 983(a), (i) (setting forth deadlines applicable to civil forfeiture proceedings for "forfeiture of property other than as a sentence imposed upon conviction of a criminal offense"). While it is unclear what claim he is referring to, Agee alleges the time for the government to respond elapsed in July 2019.

To establish he is entitled to the return of the requested items, Agee "must establish lawful entitlement to the property." *Jackson v. United States*, 526 F.3d 394, 396 (8th Cir. 2008). While the Court must afford movants "an opportunity to meet this burden," *id.*, an evidentiary hearing is not necessarily "required '[w]hen it is apparent that the person seeking a return of the property is not lawfully entitled to own or possess the property.'" *United States v. Howard*, 973 F.3d 892, 894 (8th Cir. 2020) (quoting *United States v. Felici*, 208 F.3d 667, 670 (8th Cir. 2000), *abrogated on other grounds by Henderson v. United States*, 575 U.S. 622, 630 (2015)).

Here, it is apparent from the prior proceedings that Agee cannot satisfy that burden. In entering his guilty plea, Agee admitted the car and cash he now seeks to recover were criminal proceeds and agreed to release any right he had to the property. The Court found that agreement to be knowing and voluntary when it accepted his guilty plea and plea agreement.

Regardless of the merits of Agee's complaints regarding the government's pre-plea forfeiture procedures, any such errors fail to warrant the return of property that he later knowingly and voluntarily agreed to forfeit. *See*, *e.g.*, *United States v. Lainfiesta-Areyano*, 373 Fed. App'x 659, 660 (8th Cir. 2010) (unpublished per curiam) (concluding a movant did not establish lawful entitlement to cash he requested be returned under Rule 41(g) because it had been forfeited through state proceedings and he had no right to possess it); *United States v. Bieri*, 301 Fed. App'x 575, 575 (8th Cir. 2008) (unpublished per curiam)

(concluding a movant was barred "from claiming lawful entitlement to" property the district court had previously found to be subject to lawful forfeiture); *see also Wilson v. United States*, 75 F.4th 775, 777 (7th Cir. 2023) (explaining that Rule 41(g) is properly invoked before the initiation of forfeiture proceedings and "is not the proper way to challenge an administrative forfeiture"). His motion is therefore denied.

IT IS SO ORDERED.

Dated this 26th day of February 2024.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge