IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:18CR337 |
| v. | |
| TIMOTHY EARL AGEE, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on defendant Timothy Earl Agee's ("Agee") Motion for Reconsideration (Filing No. 87) of the Court's denial (Filing No. 86) of his Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) (Filing No. 82). Agee is currently serving a 280-month term of imprisonment, having pleaded guilty pursuant to a written plea agreement (Filing No. 49) to one count of conspiring to distribute methamphetamine, in violation of 18 U.S.C. § 841(a)(1) and (b)(1) and 21 U.S.C. § 846, and one count of money laundering, in violation of 18 U.S.C. § 1957.

On March 22, 2024, Agee moved *pro se* for a time-served sentence, arguing his United States Sentencing Guidelines range was improperly increased because "the Court did not tally the amount of meth defendant was responsible for dealing and didn't account for w[h]ether the meth was 'actual pure' meth" or a mixture "as the Sentencing Guidelines require." In a supplement to that motion (Filing No. 85), Agee also argued he was not "sentenced in line" with his plea agreement, which anticipated a total offense level of 36 rather than the 38 listed in his presentence investigation report ("PSR").

The Court denied his request on May 3, 2024, finding Agee's arguments presented no "grounds for a sentence reduction under 18 U.S.C. § 3582(c)(2)." Notably, the Court found his assertions were belied by the record as Agee's PSR "calculated the amount of

both actual meth and meth mixture for which [he] was accountable" and, after the parties' joint objection to the PSR, the Court sentenced him "based on a total offense level of 36."

Agee now seeks reconsideration[1] of that determination, asserting again that the "amount of methamphetamine accountable to [him]" pursuant to his PSR was "speculative." He adds that his "PSR [does] not show how the Court arrive[d] at" a total offense level of 36.

Agee's arguments present no reason for the Court to reconsider its prior decision. His motion does nothing more than demonstrate his continued misunderstanding of the circumstances of his sentencing. The Court's Memorandum and Order explains exactly how the Court arrived at the total offense level of 36. That offense level was anticipated by Agee's plea agreement, which he objected (Filing Nos. 53, 54) should apply at sentencing despite his PSR's higher calculation. That decision also explained that, contrary to his repeated assertions, the PSR did calculate the amount of both actual methamphetamine and methamphetamine mixture for which he was accountable (Filing No. 59, ¶¶ 40-42).

Further, none of the authorities Agee cite appear to be relevant, let alone lead to a different outcome in his case. Because Agee presents no ground for reconsideration, his motion is denied.

---

[1]Though the Eighth Circuit has yet to fully consider the standards applicable to motions to reconsider in the criminal context, *see United States v. Luger*, 837 F.3d 870, 876 (8th Cir. 2016), there is a longstanding tradition of such motions in both civil and criminal matters in federal courts, *see United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010) (explaining that, though "[n]one of the Rules of Criminal Procedure authorizes a generic motion to reconsider," the United States Supreme Court has concluded such motions are proper).

IT IS SO ORDERED.

Dated this 29th day of May 2024.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge

3