IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:18CR337 |
| v. | |
| TIMOTHY EARL AGEE, | **MEMORANDUM AND ORDER** |
| Defendant. | |

This matter is before the Court on defendant Timothy Earl Agee's ("Agee") *pro se* Motions for Sentence Reduction Under 18 U.S.C. § 3582(c)(2)[1] (Filing Nos. 89, 90). Agee is currently serving a 280-month term of imprisonment after pleading guilty pursuant to a written plea agreement (Filing No. 49) to one count of conspiring to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1) and 21 U.S.C. § 846, and one count of money laundering, in violation of 18 U.S.C. § 1957.

Having recently been unsuccessful in moving for a reduction on other grounds (Filing Nos. 86, 88), Agee now seeks relief based on "Amendment 1" and "Part D of Amendment 5" of the amendments to the United States Sentencing Guidelines (the "Guidelines") proposed by the United States Sentencing Commission (the "Sentencing Commission") in April 2024. Those proposed amendments[2] seek to (1) "exclude

---

[1] "Providing a rare exception to the finality of criminal judgments, § 3582(c)(2) allows a district court to reduce the sentence of 'a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Koons*, 850 F.3d 973, 976 (8th Cir. 2017) (quoting 18 U.S.C. § 3582(c)(2)); *see also Dillon v. United States*, 560 U.S. 817, 821 (2010).

[2] Under 28 U.S.C. § 994(p), the amendments are set to become effective on "the first day of November . . . except to the extent that the effective date is revised or the amendment is otherwise modified or disapproved by Act of Congress" before then.

acquitted conduct from the scope of relevant conduct used in calculating a sentencing range" under the Guidelines, and (2) clarify that the enhanced base offense levels in §2D1.1(a)(1) to (a)(4) of the Guidelines apply "only when the individual is convicted of an offense under sections 841(b) or 960(b) to which the applicable enhanced" sentence applies or when the parties have stipulated to its application. The Sentencing Commission has not yet determined whether those amendments will apply retroactively and is currently receiving public comments to that end. *See* Sentencing Guidelines for United States Courts, 89 Fed. Reg. 36853 (U.S. Sent'g Comm'n May 3, 2024) (notice).

Agee claims the Court "used acquitted conduct [] at sentencing" which "may have the effect of lowering [his] Guideline range" in light of Amendment 1. He also asserts his sentence "was enhanced at sentencing under [§]2D1.1" and wonders whether Part D of Amendment 5 will apply in his case.

These questions are complicated by uncertainty over the amendment's retroactive effect. Either way, the Court's review of Agee's presentence investigation report ("PSR") and plea agreement demonstrates he would be ineligible for relief under the proposed amendment either way. Nowhere does his PSR indicate his Guideline range was calculated using any acquitted conduct. Importantly, Amendment 1 "does not comment on the use of uncharged, dismissed, or other relevant conduct as defined in §1B1.3."

Further, Agee is correct that §2D1.1 applied at sentencing. But the subsections of §2D1.1 the Sentencing Commission has proposed to amend, subsections (a)(1) through (a)(4), did not apply in Agee's case. To start, Agee and the government agreed to the application of §2D1.1(b), which falls outside of the proposed amendments both by its subsection and the fact it was stipulated by the parties. And while the application of

2

§2D1.1(a)(5) resulted in a calculated offense level of 38 in his PSR,[3] that provision also falls outside of the April 2024 proposal.

In sum, even if the proposed amendments become retroactively effective, they are irrelevant to Agee's case. His motions are denied.

IT IS SO ORDERED.

Dated this 2nd day of July 2024.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge

---

[3]The Court eventually sentenced Agee based on an offense level of 36 as agreed to in his plea agreement after the parties jointly objected (Filing Nos. 53, 54) to the PSR's calculation.