IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TIMOTHY EARL AGEE,<br><br>Defendant. | 8:18CR337<br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on defendant Timothy Earl Agee's ("Agee") *pro se* "Motion for Sentence Reduction Under First Step Act 404(b)" (Filing No. 92). Agee pleaded guilty pursuant to a written plea agreement (Filing No. 49) to methamphetamine-conspiracy and money-laundering offenses in September 2019. *See* 18 U.S.C. § 1957; 21 U.S.C. §§ 841(a)(1), (b)(1) and 846. He is currently serving his sentence at the Federal Correctional Institution in Thomson, Illinois ("FCI Thomson"), and is set to be released in late 2027.

Agee's latest motion is the fourth in a line of recent requests for sentencing relief (Filing Nos. 82, 89, 90). He now invokes § 404(b) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), which makes retroactive certain provisions of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010). *See United States v. McDonald*, 944 F.3d 769, 771 (8th Cir. 2019). Those provisions implemented a number of sentencing reforms to "reduce the sentencing disparity between cocaine base and powder cocaine" offenses. *Id.*

Though referring to § 404(b), Agee's motion focuses on his disagreement with the Court's application of a sentencing enhancement under United States Sentencing Guidelines ("U.S.S.G.") § 2D1.1(b)(1) for the possession of a firearm. According to Agee, that enhancement should not have been applied in his case because the firearm was

not loaded or accessible and was found in a different room than the drugs underlying his conviction. His one-page filing asserts those grounds establish "extraordinary and compelling reason for a sentence reduction."

Given that, Agee's argument seems to invoke 18 U.S.C. § 3582(c)(1)(A)[1] rather than § 404(b) of the First Step Act. That statute permits the Court to "reduce [his] term of imprisonment" upon a showing of "extraordinary and compelling reasons" for such relief. *Id.* § 3582(c)(1)(A). Agee may only move for a reduction after he has either fully exhausted "all administrative rights to appeal a failure of the Bureau of Prisons [("BOP")] to bring a motion on" his behalf or waited thirty days after asking the warden at FCI Thomson to have the BOP file one for him. 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Houck*, 2 F.4th 1082, 1083-84 (8th Cir. 2021) (explaining that "prisoners can bring compassionate-release motions on their own once they have exhausted their administrative remedies" and describing the exhaustion requirement as a "mandatory claim-processing rule").

Agee has not made any effort to show he has done that. And there are other problems with his motion as well. Most importantly, Agee agreed in his written plea agreement that his firearm possession "qualifie[d him] for a two-level upward adjustment pursuant to U.S.S.G. §2D1.1(b)(1)." His change of heart does not establish extraordinary and compelling reasons for sentencing relief.

Even with those obstacles out of the way, Agee would not be successful. "A federal inmate generally must challenge" the legality of their "sentence through a § 2255 motion." *United States v. Fine*, 982 F.3d 1117, 1118 (8th Cir. 2020); *see also* 28 U.S.C. § 2255(a) (providing that a defendant "may move the court which imposed the sentence to vacate, set aside, or correct the sentence" on the grounds "that the sentence was

---

[1] Motions for sentencing relief under § 3582(c)(1)(A) are frequently referred to as requests for compassionate release. *See United States v. Crandall*, 25 F.4th 582, 583 (8th Cir. 2022).

imposed in violation of the Constitution or laws of the United States"). Regardless of how Agee has fashioned his motion, the grounds for relief he raises fall within the scope of § 2255. *See Fine*, 982 F.3d at 1118 (concluding that the defendant's argument for sentencing relief based on his purportedly improper classification as a career offender was "a challenge to his sentence" that must be "treated as a § 2255 motion"). Such a motion would be untimely. *See* 28 U.S.C. § 2255(f) (generally requiring § 2255 motions to be brought within a year of the date on which the defendant's judgment became final). Agee "cannot avoid the restrictions of the post-conviction relief statute by resorting to a request for compassionate relief instead." *Crandall*, 25 F.4th at 586.

For all of those reasons, Agee's *pro se* "Motion for Sentence Reduction Under First Step Act 404(b)" (Filing No. 92) is denied. No certificate of appealability will issue.[2]

IT IS SO ORDERED.

Dated this 10th day of March 2025.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge

---

[2] "A certificate of appealability is required to appeal the denial of any motion that effectively or ultimately seeks habeas corpus or § 2255 relief." *United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005) (per curiam); *see also* 28 U.S.C. § 2253(c)(1). To be entitled to a certificate of appealability, Agee must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court concludes Agee cannot make that showing based on the grounds for relief he has asserted.