IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:18CR337 |
| v. | |
| TIMOTHY EARL AGEE, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on defendant Timothy Earl Agee's ("Agee") *pro se* "Motion for Sentence Reduction" pursuant to 18 U.S.C. § 3582(c)(2) (Filing No. 94). That section provides that "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . . the court may reduce the term of imprisonment after considering the factors set forth in 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statement issued by the Sentencing Commission."

Agee claims that he "may qualify for a sentencing reduction under the new Trafic Function Amendment. A) Mitigating role adjustment." It appears that Agee is referring to Amendment 833 of the United States Sentencing Guidelines. That amendment provided further guidance on the application of the so-called role reductions. That guidance is set forth in U.S.S.G. §§ 2D1.1(e)(2)(B) and 3B1.2(a). Those changes do not amount to a "sentencing range that has been subsequently lowered by the Sentencing Commission." U.S.S.G. § 1B1.0 is a policy statement dealing with reduction of sentence based upon a lowering of the guidelines. Amendment 833 is not one of the enumerated covered amendments. *See* U.S.S.G. § 1B1.0(d).

Based on the foregoing, Agee's request for a sentence reduction is denied.

IT IS SO ORDERED.

Dated this 20th day of January 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge